IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**SRINIVAS DORNALA**                                                                              **PLAINTIFF**

vs.                                                       No. 4:22-cv-674

**BUSITANTS, INC.**                                                                              **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiff Srinivas Dornala, by and through his attorney Courtney Harness of Sanford Law Firm, PC, for his Original Complaint against Busitants, Inc. ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the wage laws of the Missouri Revised Statutes, § 290.101, *et seq.* ("RSMo"), for declaratory judgment, monetary and liquidated damages, interest, and costs, including attorneys' fees as a result of Defendant's failure to pay Plaintiff proper minimum wage and overtime wages as required by the FLSA and the RSMo.

2.   Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the RSMo as described *infra*.

### II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under RSMo form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Missouri has personal jurisdiction over Defendant, and Defendant therefore "resides" in Missouri.

6. Plaintiff performed work for Defendant in St. Charles. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern Division of the Eastern District of Missouri, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

7. Plaintiff is an individual and resident of St. Charles County.

8. Defendant is a Rhode Island, for-profit corporation.

9. Defendant's registered agent for service of process is Tarun Adari at 10 Dorrance Street, Suite 700, Providence, Rhode Island 02903.

### IV.  FACTUAL ALLEGATIONS

10. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as computers and office equipment.

11. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

12. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. In carrying out his duties, Plaintiff regularly used instrumentalities of interstate commerce such as the internet and his cell phone.

14. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

26. Defendant employed Plaintiff from May of 2021 until February of 2022 as a software developer and programmer.

27. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28. Plaintiff was paid an hourly wage.

29. Defendant paid Plaintiff once per month.

30. In February of 2022, Plaintiff notified Defendant that he was leaving the company and terminating his employment.

31. Plaintiff continued to work for Defendant until the end of February.

32. Defendant did not pay Plaintiff his final two paychecks (or, in other words, neither his January nor his February paycheck).

33. Defendant therefore did not pay Plaintiff for all hours worked.

34. At Defendant's instruction, Plaintiff tracked his hours via timesheet and uploaded a timesheet to Defendant's system every two weeks.

35. Defendant knew or should have known that Plaintiff worked hours which went uncompensated.

36. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

37. Defendant deprived Plaintiff of his final two paychecks.

38. Plaintiff requested his final paychecks via email but his requests were ignored.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the RSMo.

### V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

44. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked during his final two pay periods.

45. Defendant failed to pay Plaintiff an overtime premium for hours worked

over 40 each week during his final two pay periods.

46. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.    SECOND CAUSE OF ACTION—VIOLATION OF THE RSMo

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to RSMo § 290.101, *et seq.*

49. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of RSMo § 290.500(4).

50. RSMo § 290.505 requires employers to pay employees 1.5x their regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the RSMo

52. Despite the entitlement of Plaintiff to lawful overtime wages under the RSMo, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

53. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

55. RSMo § 290.110 requires employers to pay any discharged employee the unpaid wages due on the day of the discharge. If not paid, the employee may request her unpaid wages in writing, after which the employer has 7 days to provide the employee with the wages due. If still not paid, then as a penalty, the employee's wages shall continue from the date of discharge at the same rate paid for 60 days or until paid, whichever is sooner.

56. Plaintiff requested his unpaid wages be paid to him, pursuant to RSMo § 290.110.

57. Defendant owes Plaintiff wages from the date of discharge to the present, and continuing for as long as Defendant fails to pay Plaintiff his wages or until 60 days from the date of discharge have passed, whichever is sooner.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Srinivas Dornala respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the RSMo and their related regulations;

C. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA, the RSMo and their related regulations;

  D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the RSMo and their related regulations;

  E. An order directing Defendant to pay Plaintiff a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

           Respectfully submitted,

           **PLAINTIFF SRINIVAS DORNALA**

           SANFORD LAW FIRM, PLLC
           Kirkpatrick Plaza
           10800 Financial Centre Pkwy, Suite 510
           Little Rock, Arkansas 72211
           Telephone: (501) 221-0088
           Facsimile: (888) 787-2040

           */s/ Courtney Harness*
           Courtney Harness
           Mo. Bar No. 56923
           harness@sanfordlawfirm.com